**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 20-4446**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMIL RASHAD TUCKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:19-cr-00600-NCT-1)

Submitted: May 13, 2021                    Decided: May 26, 2021

Before AGEE and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamil Rashad Tucker pled guilty, pursuant to a written plea agreement, to possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Tucker to 37 months of imprisonment and 3 years of supervised release. In announcing the terms of supervised release, the court only specified a few "special" conditions of supervised release. However, in its written judgment, the district court, in addition to these special conditions and the statutorily-imposed mandatory conditions, included 13 "standard" conditions of supervision, which the court did not announce during the sentencing hearing. These "standard" conditions are those recommended by U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2018).

On appeal, Tucker's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is reasonable but conceding that there are no meritorious issues for review. Although notified of his right to do so, Tucker did not file a pro se supplemental brief. For the reasons that follow, we affirm Tucker's conviction, vacate his sentence, and remand for resentencing.

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 295-96 (4th Cir. 2020). While a district court need not orally pronounce all mandatory conditions at the sentencing hearing, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *Id.* at 296. The district court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation" by reference to, for example, the standard conditions

2

recommended by the Guidelines. *Id.* at 299. We recently clarified that the appropriate remedy when the district court fails to announce the discretionary conditions of supervised release that are later included in the written judgment is to vacate the sentence and remand for a full resentencing hearing. *See United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021).

Here, the district court failed to orally pronounce the 13 standard conditions imposed in the written judgment at Tucker's sentencing hearing. Moreover, the court did not incorporate these conditions by reference to the Guidelines during the hearing. We conclude, therefore, that Tucker's sentence must be vacated. *See Singletary*, 984 F.3d at 346.

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal. Therefore, we affirm Tucker's conviction, vacate his sentence, and remand for resentencing.

This court requires that counsel inform Tucker, in writing, of the right to petition the Supreme Court of the United States for further review. If Tucker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tucker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*